Scoeield, J.,
delivered the opinion of the court:
The claimant was collector of customs at the port of Mobile, from July 6, 1880, to July 1, 1882. What the compensation allowed him by law amounts to, is the question in controversy here. The compensation in dispute is derived exclusively from the provisions of section 2654, 2659 and 2661 of the Bevised Statutes.
Compensation derived from the provisions of other sections, not being in dispute here, need not be mentioned.
For his whole term of service the claimant would be entitled under these three sections to be paid $14,082.75, if the amount were not reduced and limited to $3,000 by the following sec- ■ tion of the Bevised Statutes:
“ Sec. 2691. Whenever the emoluments of any other collector shall exceed three thousand dollars * * * in any one year after deducting therefrom the necessary expenses incident to his office in the same year, the excess shall in every such case be paid into the Treasury for the use of the United States. But the provisions-of this and the preceding section shall not extend to fines, penalties, or forfeitures, or the distribution thereof. [No collector, surveyor, or naval officer shall ever receive more than four hundred dollars annually exclusive of his compensation as collector, surveyor, or naval officer, and the fines and forfeitures allowed by law, for any service he may perform for the United States in any office or capacity, except as provided in sections twenty-six hundred and fifty-four and twenty-six hundred and fifty-seven.] ”
The compensation of collectors calculated upon the emoluments accruing to them under section 2647 is limited by that section to $2,000.
The compensation calculated upon emoluments accruing to them under sections 2654, 2659, and 2661 is limited by section 2691 to $3,000.
Outside of the services provided for in these four sections (2647, 2J54, 2659, and 2661), and limited, as stated, to $2,000 and $3,000 respectively, other duties from time to time have been imposed by Congress or the Secretary of the Treasury *422 upon these officers, for the performance of which they were paid as provided in the several statutes or by the allowance of the Secretary.
By section 18 of the Act of May 7, 1882 (3 Stat., 696), the amount of such compensation was limited to $400. In the revision or the statutes in 1873, this limitation was omitted; probably because it was then understood that all services to which it related were abolished or provided for in some other way. It was re-enacted February '27, 1877, but upon what compensation it was intended to operate we do not now consider, because the claimant demands nothing for services included thereunder.
Section 2657 relates entirely to other officers, and the claimant has been paid the maximum sum of $3,000 a year, and, in addition, all that was earned under section 2647. ■ Therefore the only question to be considered here is as to what effect shall be given to the words “except as provided in section 2654.”
Do these words take the fees provided for in section 2654 out of the limitation of $3,000? If so, the claimant is entitled to recover the sum of $2,495.40, that being the amount of fees accruing under section 2654 during his term. If not, he has already received all he is entitled to.
Upon ill’st consideration the meaning of these words seems somewhat obscure. They are susceptible of two constructions. They may relate only to the preceding part of the clause in brackets, and mean that the $400 shall be wholly derived from fees other than those specified in section 2654. In other words, that the fees there specified shall not go to make up the $400, but shall remain, as they were before, in a condition to help make up the $3,000, and subject to that limitation, or they may relate to the whole of section 2691, and mean that the fees allowed in section 2654 shall not come under the $3,000 limitation, but shall be paid to the collector absolutely and in addition to all other compensation. The counsel for the defendants holds to the former and the claimant to the latter construction.
The history of section 2691 throws much light upon its intent and meaning. The Revised Statutes as enacted by Congress, and as printed in the first edition, did not contain the clause included in brackets. It was added by act of Congress approved February 27,1877 (Richardson’s Supplement, vol. 1, p. 271, par. 73), and in the second edition incorporated by the editor as part of section 2691.
*423 The whole of this clause, down to the word “except,” is a reenactment of section 18 of the act of May 7,1822 (3 Stat., 696). Without the words “except as provided in section 2654,” which are entirely new, there could be little doubt as to thé meaning' of the remainder of the clause in brackets. It would then read “Nocollecter * * * shall ever receive more than four hundred dollars annually exclusive of his compensation as collector * * * and the fines and forfeitures allowed by law, for any service he may perform for the United States in any office or capacity.” “Any service he may perform ” refers, as above stated, to service for which no compensation is provided in the preceding sections. Having limited the amount that could be received for this miscellaneous service to $400 as if for fear that this limitation might be construed to extend to the other fees already provided for in section 2654, and thus bring them all within the compass of $400, it excepts from this limitation the whole of that section, leaving it to stand as it did before the clause in brackets was enacted. Thus the added exception, designed, as we think, to remove all doubt as to the meaning of the bracketed clause, tends only to obscure it.
That it was the intention of Congress, however, to increase or diminish the compensation of collectors by the addition of the words “ except as provided in section 2654” is expressly disclaimed in the first section of the act of February 27, 1877, in which these words for the first time appear. That section is as follows:
“ That, for the purpose of correcting errors and supplying omissions in the act entitled “An act to revise and consolidate the statutes of the United States in.force on the first day of December, 1875,” so as to make the same truly express such laws, the following amendments are hereby made therein.”
Without these additional words the claimant, according to his own argument, would have no case, and yet this preliminary section distinctly asserts that they are added, not to change the laws as they existed prior to the revision, “ but so as to make the same [the' Kevised Statutes] truly express such laws.”
We therefore hold that the concluding exception in section 2691 does not withdraw the provisions of section 2654 from under the $3,000 limitation, nor divert any portion of its fees to make up the $400 limitation nor the $2,000 limitation in sec *424 tion 2647, but simply severs it from all connection with the $400 limitation, and leaves it as if the clausé in brackets had never been enacted. In this opinion we concur with the ruling of the Commissioner of Customs.
Claimant’s petition will be dismissed.